UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| REGINA WILLIAMS,<br><br>　　　Plaintiff,<br><br>v.<br><br>AMSURG,<br><br>　　　Defendant. | Case No. 3:17-cv-00160<br><br>Judge Judith E. Levy<br>Magistrate Judge Newbern |

To:　　The Honorable Judith E. Levy, District Judge

**REPORT AND RECOMMENDATION**

**Factual Background**

On January 27, 2017, three days after filing this employment discrimination action pro se, Plaintiff Regina Williams filed a motion to refund the filing fee, stating that she had received advice that she should have pursued administrative remedies with the EEOC before filing in federal court. (Doc. No. 5.) The Court denied that motion on February 13, 2017, and informed Williams that she could move to voluntarily dismiss the case under Federal Rule of Civil Procedure 41 if she no longer wanted to pursue her claims. (Doc. No. 9.) Williams did not take any further action.[1]

On October 23, 2017, the undersigned issued an order for Williams to show cause within thirty days of the order's date why her case should not be dismissed for inactivity pursuant to Local

---

[1] The Court issued a summons packet to Williams on January 24, 2017. The docket does not reflect that Defendant Amsurg has been served; however, counsel has entered an appearance on Amsurg's behalf. (Doc. Nos. 11, 13.)

Rule 41.01. (Doc. No. 14.) The Court Local Rule 41.01 provides that "[a] civil action that has been on the docket for six (6) months without any responsive pleading or other court proceedings taken therein shall be dismissed as a matter of course, but the dismissal shall be without prejudice to refile or to move the Court to set aside the order of dismissal for just cause." M.D. Tenn. Rule 41.01 (dismissal of inactive cases). The order notified Williams that "any failure to respond may result in the recommendation that this action be dismissed." (Doc. No. 14.)

The docket reflects that the Court's attempt to serve Williams with the show cause order was unsuccessful; the mailing was returned with the notation "Box Closed, Unable to Forward." (Doc. No. 15.) The Court had successfully served Williams with prior orders at the same post office box. (Doc. Nos 8, 12.) Williams has not notified the Court of any change of address.

**Legal Standard**

In addition to this Court's Local Rule, the Federal Rules of Civil Procedure also provide recourse when a plaintiff abandons an action. Federal Rule of Civil Procedure 41(b) states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). It has long been established that dismissal under this rule may be ordered in the absence of a motion. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *see also Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under Rule 41(b), Fed. R. Civ. P., to enter a *sua sponte* order of dismissal.") (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). In considering whether dismissal under Rule 41(b) is appropriate, the Court considers four factors: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic

2

sanctions. *Carpenter v. City of Flint*, 723 F.3d 700, 703–04 (6th Cir. 2013) (quoting *Mulbah v. Detroit Bd. Of Educ.*, 261 F.3d 586, 590 (6th Cir. 2011)).

A dismissal for failure to prosecute under Rule 41(b) constitutes an adjudication on the merits "[u]nless the dismissal order states otherwise." Fed. R. Civ. P. 41(b). The Sixth Circuit has cautioned that dismissal with prejudice is a "harsh sanction" that should only apply in extreme situations where there is a "clear record of delay or contumacious conduct by the plaintiff." *Carter*, 636 F.2d at 161. Dismissal without prejudice is "a comparatively lenient sanction" for which the "controlling standards should be greatly relaxed because the dismissed party is ultimately not irrevocably deprived of his day in court." *Muncy v. G.C.R. Inc.*, 110 F. App'x 552, 556 n.4 (6th Cir. 2004).

**Analysis**

Here, Williams's failure to take any action after unsuccessfully attempting to recoup her filing fee despite being warned of the consequences of failing to act warrants dismissal of this action under Rule 41(b) and the *Mulbah* factors. The fault plainly lies with Williams for the lack of any progress in this action, and Amsurg has suffered some degree of prejudice from the long period of inaction. The Court has attempted to notify Williams of the likelihood that her case would be dismissed if she did not take any action. The fact that Williams has not receive that notice appears to be due to her failure to keep the Court apprised of her current mailing address. As for the last factor, the "less-drastic" sanction of dismissal without prejudice is available and is appropriate here.

Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *Mulbah*, 261 F.3d at 591. The same balance is struck by Local

3

Rule 41.01. Dismissal without prejudice is also particularly appropriate where, as here, the plaintiff's "failure to respond may be due to [her] failure to provide the Court with an updated address." *Black v. Bouchard*, No. 14-CV-13581, 2015 WL 1646596, *1 (E.D. Mich. Apr. 14, 2015). Taking these factors as a whole, the undersigned finds that dismissal without prejudice will best address the interests of all parties and the Court.

**Recommendation**

In light of the lack of activity in this case since early 2017, the undersigned RECOMMENDS that it be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule 41(b) and Local Rule 41.01.

Any party has fourteen days after being served with this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen days after being served with a copy thereof in which to file any responses to said objections. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of further appeal of the matters disposed of therein. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

ENTERED this 12th day of January, 2018.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge